### E. H. PARENT, INC.

v.

### AROOSTOOK TRUST COMPANY.

Supreme Judicial Court of Maine.

Nov. 21, 1979.

---

Rocheleau & Fournier, P. A. by Ronald P. Lebel, Lewiston, for plaintiff.

Ferris A. Freme, Caribou, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

### MEMORANDUM OF DECISION.

In an action for damages filed in the Superior Court, Androscoggin County, de-

---

fendant-appellant Aroostook Trust Company moved for a transfer of venue to Aroostook County. Plaintiff E. H. Parent, Inc., did not agree to the transfer. On June 11, 1979, the Superior Court denied the motion, holding that the "court has no authority to change venue under 14 M.R.S.A. § 508."[1] Defendant filed a timely notice of appeal to the Law Court. On plaintiff's motion and after receiving memoranda of law from the parties, we dismiss the appeal.

An order on a motion for transfer of venue is interlocutory and not appealable. It is not a final judgment nor does it fall within the "collateral order" exception to the final judgment rule. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 (2d ed. 1970). *Accord,* 16 Wright, Miller, Cooper & Gressman, *Federal Practice & Procedure* § 3931 (1977); 9 Moore's Federal Practice ¶ 110.13[6] (1975).

The entry must be:

Appeal dismissed.

---

1. 14 M.R.S.A. § 508 (Supp.1978) reads in part as follows:

   A presiding Justice of the Superior Court may, upon obtaining agreement of the parties, transfer any civil action or proceeding from the Superior Court in one county to the Superior Court in another county in the judicial region in which the case originated. We do not express any opinion whether the Superior Court as a court of general statewide jurisdiction has a common law power to change venue for good cause, regardless of the parties' agreement. *See* 1 Field, McKusick and Wroth, *Maine Civil Practice* § 0.8, at 6 (1977 Supp.), and authority there cited.