**Thomas E. FARRELL**

v.

**STATE of Maine, DEPARTMENT OF HUMAN SERVICES et al.**

Supreme Judicial Court of Maine.

Argued June 6, 1980.

Decided June 19, 1980.

Thomas E. Farrell (orally), pro se.

Matthew F. Dyer (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and WERNICK, NICHOLS and GLASSMAN, JJ.

PER CURIAM.

Defendants have moved to dismiss plaintiff's appeal on the ground that the Superior Court's order was not a final judgment. After receiving the parties' memoranda of law and oral argument, we dismiss the appeal as premature.

On July 3, 1979, plaintiff filed a complaint seeking monetary damages and other relief. One of the demands for relief was that a new "fair hearing" be given by the Department of Human Services. Defendants responded by filing motions to dismiss and for a more definite statement; plaintiff countered with motions for a preliminary

injection and summary judgment. The Superior Court, York County, held a hearing on the motions on November 13, 1979, and six days later made the following conclusions and order:

It appears that the record of proceedings below is inadequate, that the hearing at the Bureau of Vocational Rehabilitation was not completed, and that this matter should be remanded to the Bureau of Vocational Rehabilitation, State of Maine Department of Human Services, in order to complete hearing on [p]laintiff's relationship with said Bureau, so that [p]laintiff's complaints concerning that Bureau and its program be thoroughly aired, and that a more thorough record of all proceedings be made.

Therefore, it is ORDERED that this matter be remanded to the Bureau of Vocational Rehabilitation for a hearing on [p]laintiff's relationship with said Bureau.

Plaintiff filed a timely notice of appeal to the Law Court.[1]

The order of remand entered in this case is interlocutory and not appealable, because it "does not fully decide and dispose of the whole cause but leaves some questions for the future consideration and adjudication of the court." *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.*, Me., 351 A.2d 845, 848 (1976). *Cf. E. H. Parent, Inc. v. Aroostook Trust Co.*, Me., 408 A.2d 87 (1979) (order granting or denying motion for transfer of venue is interlocutory and not appealable).

Our dismissal of plaintiff's appeal is solely because it is premature and does not foreclose later review of the whole case to determine whether he has been caused any prejudice by the action of the Superior Court.

The entry must be:

Appeal dismissed.

All concurring.

---

1. The record was filed in the Law Court on December 27, 1979; plaintiff did not file his brief within 40 days thereafter, as required by M.R.Civ.P. 75(a). On April 25, 1980, he filed a "motion to expand time" under M.R.Civ.P. 6(b)(1). In light of our dismissal of the appeal as premature, plaintiff's motion is moot.